Catron, Ch. J.
delivered the opinion of the court.
Catching purchased at tax sale the land of Love, received a deed from the sheriff, and then conveyed to Shields, who was interested in the purchase. The tax sale was void because of thé informality of the proceedings.
Shields had holden seven years' peaceable possession by virtue of, and under his deed.
That a deed, grounded on a void tax sale, may be confirmed, and draw to it and extinguish the outstanding legal title, is not disputed; but it is insisted, that if it appeared from the circumstances under which Shields purchased the land in dispute, that he must have known he was taking abad title from the grantor, Catching,to. him, or that the title acquired was accompanied by circumstances which showed it was not good, or which did not afford to him reasonable ground to believe said title *406 was good, that his possession of the premises in dispute would not protect him under the statute of limitations, so as to bar the plaintiff’s action. To sustain which position, Adams on Ejectment, 58, note 8; 16 John. Rep. 293, 301; 1 Tenn. Rep. 246; Peck’s Rep. 215, 221, 229, 407, are relied upon.
The defendant having been particeps to the pretended purchase for taxes, it is contended his possession was not adverse. If this position be correct, it will apply itself more or less to every defence under the statute of limitations. The statute can only come in aid of the inferior title, void to any available purpose in the action of ejectment, if unaided by the statute. The jury will not proceed as heretofore, to ascertain the character of the holding from the acts and title papers of the defendant, but draw their conclusions from his state of intelligence. Were such an exception let in, it is to be feared the jury would try the defendant rather than his title; if they found him shrewd and knavish, knowledge of the defect of title on his part would be inferred; if stupid and honest, the contrary conclusion would be come to. The finding would be grounded on loose, intangible distinctions, barely if at all subject to any legal control. The consequence would be, that titles to real estates would not rest upon settled rules of property; every case would depend upon its own circumstances; protection under the statute would not long be a defence of law and fact to be determined by the court and jury, but the uncon - trolable will of the latter must decide the matter.
In a casé at Knoxville, involving this same title, the court decided this question some years since, mainly on the reasoning, that the legislature not having made any exception, such as is here sought to be introduced, to the statute of limitations, the courts could make none.— The circuit judge has in this case followed that decision, having in that cause instructed the jury, that if the defendant had knowledge of the defect of title when he *407 took his deed, he could not avail himself of the benefit ' ' of the statute.
Taylor, for plaintiff in error.
J. A. MKinney, for defendant in error.
It is next objected, that the deed- from Catching to Shields, did not appear to have been duly proved, so as to authorise its registration. The probate was endorsed on the deed in these words: “State of Tennessee, Greene county, January sessions 1807, Tuesday 27th. Then was the execution of the within conveyance duly acknowledged in open court by Seymour Catching, the grantor therein named, and admitted to record.— Let it be registered. Test, Val. Sevier, clerk.” It is true the name of the grantee Shields, is not stated in the probate, or the quantity of land the deed contained; but the probate having been endorsed upon the deed, we think supplies these defects; especially where the deed had been proved and registered more than twenty years before the trial when it was offered in evidence. We order the judgment to be affirmed.
Judgmentaffirmed.